UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
KEN SMITH,

                Petitioner,

      - against -

DONITA McINTOSH,

                Respondent.
------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
20-CV-4535 (PKC)

PAMELA K. CHEN, United States District Judge:

      Petitioner Ken Smith, proceeding *pro se* and currently incarcerated at Bare Hill Correctional Facility, brings this action pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. (Petition ("Pet."), Dkt. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of his petition and, for the reasons set forth below, finds that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The Court grants Petitioner's request to proceed *in forma pauperis* and denies his application for counsel without prejudice. The Court directs Petitioner to show cause within sixty (60) days of the entry of this Memorandum and Order why his petition should not be dismissed as time-barred.

## BACKGROUND

      The petition is sparse. Petitioner fails to provide the date of his conviction or sentencing, specify the length of his sentence, or identify the crime(s) he was convicted of before the New York State Supreme Court, Kings County. However, Petitioner does state that he pled guilty and did not file a direct appeal. (Pet., Dkt. 1, at 2–3.)

## DISCUSSION

The AEDPA provides a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d). The one-year period begins on one of the following four dates, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). Under New York law, a convicted defendant has a right to appeal his conviction within thirty days after the imposition of sentence, N.Y. C.P.L. § 460.10(1)(a), and "[a] defendant who fails to appeal within that time defaults his right to appeal," *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999).

Because Petitioner does not provide the date of his conviction and sentencing, the Court cannot determine whether his petition is timely filed. However, the Court takes judicial notice of the fact that his prisoner identification number is 00-A-3811, which indicates that he entered state prison, and thus may have begun serving his sentence, in 2000.[1] As Petitioner filed this petition on September 11, 2020, it appears that AEDPA's one-year statute of limitations period has already expired.

---

[1] *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited Sept. 25, 2020) (indicating that Petitioner was taken into custody on July 25, 2000).

### A. Statutory Tolling

In calculating the one-year statute of limitations period, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). Here, Petitioner alleges that he filed a post-conviction motion on October 4, 2018, which was denied on October 9, 2019, with leave to appeal denied on December 30, 2019. (Pet., Dkt. 1, at 4–6.) The motion, however, does not cause the one-year limitations period to start anew. *See Evans v. Senkowski*, 228 F. Supp. 2d 254, 260 (E.D.N.Y. 2002) (explaining that the AEDPA's tolling provision "stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired" (citations omitted)). Because Petitioner does not provide the date of the judgment of his conviction, the Court cannot determine whether his post-conviction motion could render this petition timely under AEDPA's tolling provision.

### B. Equitable Tolling

The limitations period may also be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation and citation omitted)); *Harper v. Ercole*, 648 F.3d 132, 136–38 (2d Cir. 2011) (discussing the equitable tolling factors). The Second Circuit has established a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (citations

omitted). Petitioner is responsible for showing that such circumstances exist. *See Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005) (summary order). At present, Petitioner presents no facts to support the application of equitable tolling.

## CONCLUSION

Accordingly, the Court directs Petitioner to show cause by written affirmation,[2] within sixty (60) days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider *sua sponte*, the timeliness of a state prisoner's habeas petition."); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (holding that "a district court has the authority to raise the AEDPA statute of limitations on its own motion"). Petitioner's affirmation should include the date of the judgment of his conviction, the date of his sentencing, and the crimes he was convicted of, as well as any facts that would show that the statute of limitations should be tolled. Petitioner's application for counsel is denied without prejudice. All further proceedings shall be stayed for sixty (60) days or until Petitioner has complied with this Order. If Petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 1, 2020
      Brooklyn, New York

---

[2] To assist *pro se* Petitioner, an affirmation form is attached to this Order. Petitioner is advised that he may supply the necessary information by completing the attached form and mailing it back to the Court.