UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
KEN SMITH,

                        Petitioner,

          - against -

DONITA McINTOSH,

                        Respondent.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-4535 (PKC)

PAMELA K. CHEN, United States District Judge:

      Petitioner Ken Smith, proceeding *pro se* and currently incarcerated at Bare Hill Correctional Facility, filed this action under 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. (Petition ("Pet."), Dkt. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court conducted an initial consideration of this petition and determined that the petition appeared to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

      By Memorandum & Order dated October 1, 2020, the Court granted Petitioner's request to proceed *in forma pauperis* and denied his application for counsel without prejudice. (Dkt. 4, at 1.) The Court directed Petitioner to show cause within sixty (60) days of the entry of the Memorandum and Order why the petition should not be dismissed as time-barred. (*Id.* at 4.)

      Petitioner filed an Affirmation dated November 25, 2020, in response to the Court's Order. (Affirmation ("Aff."), Dkt. 5, at ECF[1] 16.) However, Petitioner has not provided any facts that

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

could support either statutory or equitable tolling to preserve the timeliness of his petition. As set forth below, the petition is dismissed as time-barred.

## BACKGROUND

Petitioner avers that he was convicted of attempted rape and attempted sodomy on March 6, 2006, and that he was sentenced to a prison term of sixteen years to life on March 16, 2006. (Aff., Dkt. 5, at ECF 1.) Petitioner pled guilty and did not file a direct appeal, nor did he petition the United States Supreme Court for a writ of certiorari. (Pet., Dkt. 1, at ECF 1–2.) Petitioner's instant habeas petition asserts two grounds for granting habeas relief: (1) that the State's delay in prosecuting him "was unreasonable and violated his constitutional rights"; and (2) that his "defense was severely [and] irreparably prejudiced by the loss by the [New York City Police Department] of the entire case file." (*Id.* at ECF 5–6.)

## DISCUSSION

With the passage of the AEDPA, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).[2]

A judgment of conviction is "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) upon completion of a defendant's direct appeal in the respective state's highest court and either the completion of proceedings before the United States Supreme Court, if the petitioner chooses to petition for a writ of certiorari, or the expiration of time to seek certiorari before the United States Supreme Court. *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001); *see also McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (noting that a petitioner's judgment of conviction becomes final ninety days from the date the New York Court of Appeals denies leave to appeal).

Here, Petitioner's conviction became final on April 17, 2006, upon expiration of the thirty-day period for filing a direct appeal with the Appellate Division following his March 16, 2006 sentencing. *See* N.Y. Crim. Proc. Law § 460.10(1)(a); *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam). Therefore, applying the one-year statute of limitations period under 28 U.S.C. § 2244(d)(1)(A), the deadline to file the instant petition expired on April 17, 2007. The instant petition was filed on September 11, 2020 (the date Petitioner placed the petition in the prison mailing system), over thirteen (13) years after the limitations period expired. (Pet., Dkt. 1. at ECF 14); *see also Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001) (per curiam) (affirming the district court extension of the prison mailbox rule, which deems filing to take place on the date that the inmate delivers the petition to prison authorities for mailing, to a *pro se* habeas petition). As such, the petition is time-barred, unless the limitations period can be tolled by either statutory or equitable tolling.

---

[2] Petitioner provides no allegations that would implicate subsections (B) through (D).

### A. Statutory Tolling

In calculating the one-year statute of limitations period, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted[.]" 28 U.S.C. § 2244(d)(2).

Here, Petitioner alleges that he filed a post-conviction motion on October 4, 2018, which was denied on April 10, 2019. (Pet., Dkt. 1, at ECF 3; *see also id.* at ECF 15.) The Appellate Division denied leave to appeal on October 9, 2019, and the Court of Appeals denied leave to appeal on December 30, 2019. (Pet., Dkt. 1, at ECF 15.) The post-conviction motion, however, does not start the one-year period to run anew. *Evans v. Senkowski*, 228 F. Supp. 2d 254, 260 (E.D.N.Y. 2002) (citing, *inter alia*, *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year limitations period. *Id.* (explaining that the AEDPA's tolling provision "stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired." (citing, *inter alia*, *Smith*, 208 F.3d at 17)). In his Affirmation, Petitioner argues that his conviction became final on December 30, 2019, after his post-conviction motion was rejected by the New York Court of Appeals, but that is incorrect. (*See* Aff., Dkt. 5, at ECF 9.) Because Petitioner filed his post-conviction motion on October 4, 2018, well after his conviction became final on April 17, 2007, the post-conviction motion cannot be used to toll the limitations period. Therefore, the Court concludes that Petitioner is not entitled to statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2).

### B. Equitable Tolling

The limitations period may also be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

4

timely filing." (internal quotation marks and citation omitted)); *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011).  The Second Circuit has established a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling."  *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (per curiam).  Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).  Petitioner is responsible for showing that such circumstances exist.  *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005) (summary order).

Here, Petitioner summarily argues that the Court "has the jurisdiction to grant '<u>Equitable-Discretion</u>' to entertain these constitutional claims."  (Aff., Dkt. 5, at ECF 10 (emphasis in original).)  But Petitioner does not allege any facts that establish some extraordinary circumstance that prevented timely filing, nor does Petitioner make any attempt at showing that he has been diligently pursuing his rights.  Petitioner's Affirmation focuses on a claim, also asserted in his petition, that the New York City Police Department ("NYPD") lost the entire case file generated during the investigation of the crimes at issue.  (*Id.* at ECF 1–6.)  The details of what happened are not entirely clear from Petitioner's filings, but it appears that by the time Petitioner was indicted for the crimes at issue, ten years after they had been committed,[3] the NYPD had misplaced the case file.  (*See* Pet., Dkt. 1, at ECF 6; Aff. Ex. 1, Dkt. 5, at ECF 20–25; Aff. Ex. 2, Dkt. 5, at ECF 27–28.)  Petitioner argues that this misplacement of the case file "severely [and] irreparably

---

[3] The crimes of which Petitioner was convicted occurred in 1994, but Petitioner was not indicted until 2004, after DNA analysis linked Petitioner to the crimes.  (*See* Pet., Dkt. 1, at ECF 5; Aff. Ex. 2, Dkt. 5, at ECF 27.)

prejudiced" his defense. (Pet., Dkt. 1, at ECF 6; *see also* Aff., Dkt. 5, at ECF 3–6 (arguing that misplacement of the case file prejudiced Petitioner's defense because of the loss of potentially exculpatory material).) However, even assuming the truth of Petitioner's claim about the misplaced case file, he fails to explain how or why he was prevented from filing his habeas petition for over 13 years, especially given that Petitioner apparently knew about the misplacement of the file before he pled guilty and was convicted. Moreover, even if Plaintiff did not learn about the misplaced file until after his conviction, there is nothing in his Affirmation indicating that he has been diligently attempting to vindicate any of the rights or claims asserted in his petition over the past 13 years. Accordingly, the Court concludes that Petitioner has not alleged any facts that demonstrate equitable tolling of the limitations period is warranted.

## CONCLUSION

For the reasons above, the petition is dismissed as time-barred by the AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d). As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2). Petitioner's renewed application for counsel is denied. (Aff., Dkt. 5, at ECF 16.) The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 13, 2021
      Brooklyn, New York